```
                     UNITED STATES DISTRICT COURT

                      DISTRICT OF NEW HAMPSHIRE


Matthew R. Morse,
     Plaintiff

     v.                                Case No. 13-cv-65-SM
                                       Opinion No. 2013 DNH 174
TBC Retail Group, Inc.,
     Defendant
```

## O R D E R

Matthew Morse brings this action seeking damages for what he claims was the unlawful termination of his employment. Specifically, he says he was fired in retaliation for having taken leave time that was protected under the Family Medical Leave Act ("FMLA"). Defendant moves for summary judgment, asserting that Morse was not an "eligible employee" under the FMLA and, therefore, his claim fails as a matter of law.

For the reasons discussed, defendant's motion for summary judgment is granted.

## Background

In September of 2010, Mr. Morse began working at Carroll Tire Company, a wholesale tire warehouse in Lebanon, New Hampshire. In December of 2011, after he had exhausted all of his allotted vacation and personal days, Morse injured himself

and was admitted to the hospital. As a consequence, he missed three days of work. Morse informed his supervisor of the situation on December 28, 2011. Although the supervisor was aware that Morse had already used all his personal and vacation time for the year, he assured Morse that it was not a problem. Morse was paid for the three days he missed work.

About three weeks later (in January of 2012), Morse asked his supervisor if he could take a vacation day. He claims his request was denied because "he had taken too much time off in 2011." Complaint (document no. 1) at para. 25. Morse complained to the human resources representative and was subsequently permitted to take the day off. A month later, Morse's employment was terminated. He says he was told that he had been "out a lot and [his employer] could not run the place if Mr. Morse was not there." Id. at para. 30. Based upon those facts, Morse concludes that, "It is clear that [his] termination was in retaliation for his taking a medical leave in late-December." Id. at para. 31. That, says Morse, violated his rights under the FMLA.

Defendant says Morse's claim fails as a matter of law because he was not an "eligible employee" under the FMLA, so the FMLA's provisions are not applicable in this case. On that

2

ground, it has filed a "Motion to Dismiss, or in the Alternative, for Summary Judgment." Plaintiff objects.

## Discussion

I. <u>Defendant's Motion is One for Summary Judgment</u>.

It is probably best to begin by identifying the precise nature of defendant's motion (and the appropriate standard of review). Although the motion seeks relief in the alternative - dismissal or summary judgment - at this juncture, it is plain that the court must treat it as one for summary judgment. In response to defendant's motion, plaintiff filed an objection. That prompted defendant to file a reply. And that, in turn, prompted plaintiff to file a motion for leave to file a sur-reply (which the court granted, over defendant's objection). Finally, plaintiff thought it necessary to file a motion to strike defendant's objection to his motion for leave to file a sur-reply.

The salient point is this: the parties have submitted a substantial volume of material outside of the original complaint, in the form of affidavits and attachments (e.g., printouts of webpages from the Internet, corporate organizational charts, tax and payroll records, etc.). Plainly, then, the parties have treated defendant's motion as one for summary judgment. The

court will do the same.  See generally Santiago v. Canon U.S.A., Inc., 138 F.3d 1, 4 n.5 (1st Cir. 1998).

Because defendant's motion is properly treated as one for summary judgment, the court must "view the entire record in the light most hospitable to the party opposing summary judgment, indulging all reasonable inferences in that party's favor." Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990).  Summary judgment is appropriate when the record reveals "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In this context, "a fact is 'material' if it potentially affects the outcome of the suit and a dispute over it is 'genuine' if the parties' positions on the issue are supported by conflicting evidence."  Int'l Ass'n of Machinists & Aerospace Workers v. Winship Green Nursing Ctr., 103 F.3d 196, 199-200 (1st Cir. 1996) (citations omitted).  Nevertheless, if the non-moving party's "evidence is merely colorable, or is not significantly probative," no genuine dispute as to a material fact has been proved, and "summary judgment may be granted."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986) (citations omitted).

Parenthetically, the court notes that plaintiff's counsel has suggested - but not moved - that the court delay ruling on defendant's motion until discovery has closed. See Plaintiff's objection (document no. 6-1) at 9 ("Defendant's instant Motion for Summary Judgment is premature, and the Court should reserve a ruling on the Motion until following the close of discovery in this case."). Although counsel alludes to Rule 56(d) of the Federal Rules of Civil Procedure, she has not complied with its requirements - no doubt recognizing that she could not, in good faith, argue that additional discovery would provide any relevant information that defendant has not already supplied.

As the court of appeals has noted, a party seeking relief under Rule 56(d) (formerly, Rule 56(f)) must comply with certain procedural requirements.

> [T]he prophylaxis of Rule 56(f) is <u>not available merely for the asking</u>. A litigant who seeks to invoke the rule must act with due diligence to show that his predicament fits within its confines. To that end, the litigant must submit to the trial court an <u>affidavit or other authoritative document</u> showing (i) good cause for his inability to have discovered or marshalled the necessary facts earlier in the proceedings; (ii) a <u>plausible basis for believing that additional facts probably exist</u> and can be retrieved within a reasonable time; and (iii) <u>an explanation of how those facts, if collected, will suffice to defeat the pending summary judgment motion</u>.

Rivera-Torres v. Rey-Hernandez, 502 F.3d 7, 10 (1st Cir. 2007)

5

(citations omitted) (emphasis supplied). Moreover, absent unusual circumstances, a party cannot object (on substantive grounds) to a pending motion for summary judgment, while also seeking time for additional discovery if that objection proves unavailing - as Morse has attempted to do here. <u>See, e.g.</u>, <u>C.B. Trucking, Inc. v. Waste Mngt., Inc.</u>, 137 F.3d 41, 44 (1st Cir. 1998) ("a party ordinarily may not attempt to meet a summary judgment challenge head-on but fall back on Rule 56(f) if its first effort is unsuccessful.").

To the extent plaintiff's passing reference to Rule 56(d) might be construed as a motion seeking relief under that rule (it is not, <u>see</u> Local Rule 7.1(a)(1) and (2)), that request is denied. It is not supported by an affidavit or declaration, nor has counsel identified any additional information - beyond the voluminous records already disclosed by defendant - she believes would be necessary to defeat summary judgment.

II. <u>Plaintiff is not an "Eligible Employee"</u>

An individual is entitled to the protections afforded by the FMLA only if he or she qualifies as an "eligible employee." Excluded from the definition of eligible employee is:

> any employee of an employer who is employed at a worksite at which such employer employs less than 50 employees if the total number of employees employed by

     that employer within 75 miles of that worksite is less
     than 50.

29 U.S.C. § 2611(2)(B)(ii).[1] The pertinent regulations provide that "whether 50 employees are employed within 75 miles to ascertain an employee's eligibility for FMLA benefits is determined when the employee gives notice of the need for leave." 29 C.F.R. § 825.110(e). In this case, plaintiff notified his employer of the need to be absent from work due to his injury on December 28, 2011. Complaint, at para. 21.

Defendant says that because Carroll Tire Company did not employ 50 or more people at, or within 75 miles of, Morse's worksite on December 28, 2011 (or at any time in 2010 or 2011), Morse does not qualify as an eligible employee under the FMLA and, therefore, his claim necessarily fails. Morse objects on several grounds. First, he simply "disputes" defendant's assertion that it (or Carroll Tire Company) employed fewer than

---

[1] The 75-mile distance "is measured by surface miles, using surface transportation over public streets, roads, highways and waterways, by the shortest route from the facility where the employee needing leave is employed." 29 C.F.R. § 825.111(b). As the court of appeals for this circuit has observed, the "75-mile rule protects those employers (and their employees) whose businesses require separate worksites from the cumbersome requirement of relocating or commuting over large distances to cover for an employee on leave. Moreover, the 75-mile requirement prevents companies from establishing separate worksites in order to circumvent obligations under the FMLA and other labor rules." Engelhardt v. S.P. Richards Co., 472 F.3d 1, 6 (1st Cir. 2006).

50 people within the relevant 75 miles radius of his worksite. But, aside from an unsupported contradiction, he points to nothing that might substantiate his "eligible employee" status. Unsupported, speculative declarations are of course insufficient to defeat a properly supported motion for summary judgment. See generally Serapion v. Martinez, 119 F.3d 982, 987 (1st Cir. 1997).

Next, Morse asserts that there is a genuine and material dispute as to which corporate entity within a larger corporate structure was actually his employer. And, he goes on to (repeatedly) accuse defendant of trying to mislead the court about critical facts and legal principles central to determining his employment status. See Plaintiff's Objection (document no. 6-1) at 5 ("However, the defendant fails to apprise the Court as to the applicable law for determining whether the employer employed the requisite 50 employees."); id. at 6 ("In a continued effort to convince the Court that Plaintiff was an ineligible employee under the FMLA, the Defendant boldly fails to disclose one of its worksites to the Court.").

Those accusations are, however, unfounded. No doubt part of Morse's confusion about his employment status (and concomitant frustration) stems from the somewhat complex corporate structure

8

of which Carroll Tire Company is a part. It is described in detail in the Declaration of Jolen Medwid (document no. 11-1) and need not be recounted. See also Affidavit of Patrick Dougherty (document no. 11-9). It is sufficient to note that the parent company is TBC Corporation - a holding company which, at all times relevant to this litigation, had no employees of its own. See Affidavit of Anthony Robinson (document no. 4-2) at para. 12. Under the corporate umbrella of TBC Corporation, there are several subsidiaries, including:

> Carroll's LLC, which operates wholesale tire warehouses under the name "Carroll Tire Company" (this is the entity defendant says employed Morse at the facility in Lebanon, New Hampshire; the closest Carroll Tire Company store is located in Auburn, Maine, approximately 130 miles from the Lebanon store);
>
> TBC Retail Group, Inc., which is the named defendant and the entity Morse says was his employer. TBC Retail Group, Inc. operates automotive repair and service shops under the name "Tire Kingdom," the closest of which is located in Williston, Vermont; and
>
> NTW, LLC, which operates "National Tire & Battery" stores (also known as "NTB"), the closest of which is located in Manchester, New Hampshire.

But the apparent dispute over which of those corporate entities actually employed Morse is not material. As discussed below, even assuming that all the entities identified by Morse that fall under the TBC Corporation corporate umbrella with a presence even arguably within 75 miles of Morse's worksite are

9

jointly treated as his employer for FMLA purposes, he still does not qualify as an "eligible employee."

In response to plaintiff's unfounded accusations, defendant is appropriately measured. First, it correctly points out that whether it is an "employer" under the FMLA is not at issue in this case. Hence, there is no need to "apprise" the court of the relevant law on that point, nor is it necessary to submit data to calculate the number of employees on its payroll for 20 or more weeks in 2010 or 2011.[2]

Next, defendant notes that it has not "boldly failed" to disclose relevant worksites to the court. According to defendant, one of the allegedly "omitted" worksites to which Morse refers (the NTB store in Manchester, New Hampshire) is not

---

[2] Plaintiff perhaps confuses the standard applicable in determining whether one is an "employer" under the FMLA with that applicable in determining whether one is an "eligible employee." Only the former involves an inquiry into the number of employees on the payroll "for 20 or more calendar weeks in the current or preceding year." 29 U.S.C. § 2611(4)(a)(i). That misunderstanding seems to be at the core of plaintiff's accusation that defendant attempted to hide relevant information about the number of employees on its payroll during 2010 and 2011. See Plaintiff's Objection (document no. 6-1) at 5-6. In determining whether Morse was an "eligible employee" under the FMLA, there is only one relevant date - December 28, 2011. Nevertheless, defendant has supplemented the record and provided payroll records for 2010 and 2011 for both Carroll's, LLC and TBC Retail Group, Inc. (d/b/a Tire Kingdom), so there can be no dispute on that particular point.

operated by Morse's corporate employer and, therefore, its proximity to plaintiff's worksite is irrelevant. The second allegedly "omitted" worksite (the Tire Kingdom store in Williston, Vermont) is not only operated by a different corporate entity, but it is also more than 75 miles from Morse's worksite (as properly measured).

Nevertheless, says defendant, even if plaintiff were jointly employed by the entity he claims (TBC Retail Group, Inc.) and the entity defendant says was his employer (Carroll's LLC) and the entity that operates National Tire & Battery (NTW, LLC), and the parent corporation (TBC Corporation), he still would not qualify as an "eligible employee" under the FMLA, because those entities combined do not employ more than 50 people within 75 miles of Morse's worksite. See generally Engelhardt v. S.P. Richards Co., 472 F.3d 1 (1st Cir. 2006) (discussing the concepts of "joint employer" and "integrated employer"). The undisputed evidence of record is that, as of December 28, 2011, those entities employed a total of 39 employees. See Affidavit of Patrick Dougherty (document no. 11-9) at paras. 8, 11, and 14. See also Affidavit of Julie Aramouni (document no. 13-1); Affidavit of Anthony Robinson (document no. 4-2).

The testimony of those affiants can be summarized as follows:

| Entity | Employees on 12/28/11 | Distance |
|---|---|---|
| "Carroll Tire Company" Lebanon, New Hampshire (Carroll's, LLC) | 19 | 0 miles |
| "Nat'l Tire & Battery" Manchester, New Hampshire (NTW, LLC) | 11 | 72 miles |
| "Tire Kingdom" Williston, Vermont (TBC Retail Group, Inc.) | 9 | 93 miles |
| TBC Corporation | 0 | N/A |
| **Total:** | **39** | |

That fact is reinforced in Ms. Aramouni's affidavit, in which she testified that:

> Since January 1, 2011, there has been only <u>one TBC-affiliated location</u> (i.e., a branch, store or facility or any entity owned, leased, or <u>operated by TBC Corporation or by any of its subsidiaries or entities beneath those subsidiaries</u>) within 75 surface travel miles (i.e., travel using public streets, roads, highways and/or waterways) of the Lebanon, New Hampshire Carroll's location: the National Tire & Battery ("NTB") store located at 1985 S. Willow Street, Manchester, New Hampshire. . . ..
>
> Other than the Manchester NTB location, since January 1, 2011, there have been no TBC-affiliated, owned, leased, or operated locations within 75 surface travel miles of the Lebanon Carroll's location.  In other words, since January 1, 2011, <u>other than the Manchester NTB location, there has been no location of any corporate entity beneath TBC Corporation's large corporate umbrella within 75 surface travel miles of</u>

>     the Lebanon Carroll's location (where plaintiff
>     worked).

Id. at paras. 4-5 (emphasis supplied).

The undisputed record evidence establishes that the various entities Morse has identified - the NTB store in Manchester, the Tire Kingdom store in Williston, and the Carroll Tire Company store in Lebanon - employ too few people in the area for the employees at the Lebanon, New Hampshire, Carroll Tire Company store (like Morse) to be covered by the FMLA as "eligible employees." Because the FMLA permits only "eligible employees" to bring civil actions against their employers for violations of the statute, the sole count in Morse's complaint fails as a matter of law. See 29 U.S.C. § 2617(a)(1) ("Any employer who violates section 2615 of this title shall be liable to any eligible employee affected" for damages and/or equitable relief.) (emphasis supplied).

To be sure, the court of appeals for this circuit has left open the possibility that an employee who is not eligible for FMLA leave might, under very unusual circumstances, still assert a viable retaliation claim. McArdle v. Dracut, 732 F.3d 29 (1st Cir. 2103). The court posited that an employee who was fired for having inquired into his or her eligibility for FMLA leave

might have a viable retaliation claim. Id. at 36 (noting that firing an employee for asking about his or her eligibility under the FMLA, whether actually eligible or not, would frustrate the purposes of the statute by deterring employees from taking the first step necessary to exercise their statutory rights). Morse's retaliation claim arises, however, in a very different context, and the dicta in McArdle does not support his claim - nowhere in his complaint is there even a suggestion that he was aware of the FMLA when he notified his supervisor of his injury, nor does he allege that he ever inquired about rights he might have under that statute, nor does he allege that he was fired for having made such an inquiry.

## Conclusion

The undisputed material facts of record establish that, as of the date on which he arguably (albeit implicitly) invoked rights under the FMLA (December 28, 2011), Morse was not an "eligible employee." Accordingly, his claim that he was the victim of unlawful "discrimination and/or retaliation for having taken FMLA-protected leave time," Complaint at para. 50, fails as a matter of law.

For the foregoing reasons, as well as those set forth in defendant's memoranda, defendant's Motion to Dismiss, or in the

Alternative, for Summary Judgment (document no. 4) is granted. Plaintiff's Motion to Strike Defendant's Objection to Plaintiff's Motion for Leave to File a Surreply to Defendant's Reply to Plaintiff's Objection to Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment (document no. 14) is denied.

The Clerk of Court shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

December 19, 2013

cc:   Heather M. Burns, Esq.
      Anne S. Bider, Esq.
      Daniel B. Klein, Esq.
      Lauren S. Wachsman, Esq.
      Brian L. Michaelis, Esq.